## GLEASON *against* GARY.

The abatement of a nuisance, by the plaintiff, does not preclude him, in an action on the case, from a recovery of damages sustained anterior to such abatement.

This was an action on the case, for obstructing a water-

course; which was tried at *Brooklyn, September* term, 1821, before *Peters*, J.

The plaintiff was the owner of a piece of meadow land below the defendant's land. A small brook passed about half a mile through the defendant's land, on to the land of a third person, and then on to the plaintiff's meadow. For about forty-seven years, the plaintiff had enjoyed the uninterrupted use of the water of this stream, to irrigate his meadow, and to water his cattle, and in sufficient quantities for those purposes. He claimed and adduced evidence to prove, that between the 25th of *April*, 1819, and the 20th of *July*, 1820, the defendant had thrown great quantities of stone into the brook, and dug several sluices to take water from the stream on to his own meadow, above the plaintiff's meadow, which, in a dry season, and particularly in *July*, 1820, absorbed the whole of the water, and the plaintiff was thereby deprived of water for his cattle. The plaintiff also proved, that on or about the 20th of *July*, 1820, he went upon the defendant's land, and took out the stones from the brook; since which he had had a sufficiency of water for all purposes. The defendant introduced witnesses to prove, that the stones put into the brook, were put in for the purpose of dashing out the surface of the water, in time of high water; and that they constituted no obstruction whatever, in low water; that at all times when the defendant used any of the water from the brook, by means of the sluices, the plaintiff necessarily had an abundance for all purposes; and that whenever the water was so as not to run out of the sluices, he of course, received the whole. The judge instructed the jury, that if the defendant obstructed the water, as claimed by the plaintiff, and the plaintiff thereafter removed the obstructions, and abated the nuisance, as by law he had right to do; and since such abatement, no damage had accrued to the plaintiff from such obstruction down to the date of the writ; the jury must find a verdict for the defendant. A verdict was returned for the defendant accordingly; and the plaintiff moved for a new trial, on the ground of a misdirection.

*Goddard*, in support of the motion, contended, That the plaintiff's having abated the nuisance, was no objection to his recovery of damages prior to abatement, in an action on the case. The judge's direction to the jury was probably founded on a passage in 3 *Bla. Comm.* 220. where it is said,

*Windham,*
July,
1822.

Gleason
*v.*
Gary.

that if a man hath abated or removed a nuisance, he is entitled to no action.    The authority cited, is *Baten's* case, 5 *Co. Rep.* 55.    But that authority only shews, that neither an *assize of nuisance,* nor a *quod permittat prosternere,* can be sustained, after the party has abated the nuisance.    This is probably all that Sir *William Blackstone* intended to express : at any rate, it is all that *Baten's* case decides.    No other authority carries the doctrine further.    The remedy by action on the case, is unaffected by the decision referred to.

*Hall,* contra, contended, That the plaintiff having abated the nuisance, which was the original cause of action, could not sustain an action for damages, which accrued anterior to the abatement.    The reason is, that *he has elected his remedy,* and cannot take the law into his own hands, and at the same time, sustain an action.    In confirmation or illustration of this doctrine, the following authorities were referred to.    3 *Bla. Comm.* 220. *Baden's* case, 5 *Co. Rep.* 55. 3 *Bla. Comm.* 5. 1 *Reeve's Hist. E. L.* 321. to 347. 3 *Reeve's Hist. E. L.* 27. 393. 3 *Wooddes.* 190.  *Perkins* v. *Dow,* 1 *Root* 535.

HOSMER, Ch. J.    The only question in the case, is, whether the abatement of the nuisance, by the plaintiff, for the damages resulting from which anterior to the removal, he has brought his suit, has extinguished his right of action.    The judge expressed an opinion in the affirmative ; but it was manifestly incorrect.

In *Batten's* case, 9 *Co. Rep.* 54. it is said, " that there are two ways to redress a nuisance ; one by action, and in that he shall  recover damages, and have judgment that the nuisance shall be removed ; or the party grieved may enter, and abate the nuisance himself ;  but then he shall not have an action, nor recover damages ; for in an assize of nuisance, or *quod permittat prosternere,* it is a good plea, that the plaintiff himself has abated the nuisance : for in an assize or *quod permittat,* he shall have judgment of two  things, *sc.* to have the nuisance abated, and to recover damages, and he has disabled himself, by his own act, to have judgment for one of them ; and therefore, the action doth not lie."    3 *Bla. Comm.* 220. This reasoning conclusively shows, that an assize of nuisance, or *quod permittat prosternere,* cannot be sustained, after the plaintiff has abated the nuisance, and disabled himself from the pursuit of those particular remedies ; but it has  no bear-

ing on the pursuit of redress, by action on the case, for damages only.   The objection in *Baten's* case, after the abatement of a nuisance, was not founded on the cause of action being taken away, by complete remedy ; for the damages sustained were recoverable, and ought to be satisfied.   But, the party, by his own act, had incurred a disability of maintaining certain modes of redress, the judgment in which must be for damages, and likewise for the prostration of the nuisance.  In *Kendrick* v. *Bartland*, 2 *Mod. Rep.* 253. the precise point before the court was decided, and an action on the case, sustained.   " The end, say the court, of a *quod permittat*, or an assize, was to abate the nuisance ;  but the end of an action on the case, is to recover damages."   Nothing has happened to extinguish the plaintiff's cause of action, or to raise an impediment in the way of his recovery.

The other Judges were of the same opinion.

New trial to be granted.